HAMMERT v. McKNIGHT, Ex'r.

No. 18494. Opinion Filed July 10, 1928.

(Syllabus.)

1. Executors and Administrators—Sales by Executor—Doctrine of Caveat Emptor Applicable—Title Taken by Purchaser Only Such as Decedent Had.

When the executor sells the estate of a decedent through the probate court, the doctrine of caveat emptor is applicable, and the rule is well settled that the purchaser at such sale is entitled to and takes only such title as the decedent had. If the decedent had no title, the purchaser takes none. If the title is defective, the purchaser takes it subject to such infirmities as exist.

2. Same—Compliance with Statutes by Executor in Making sale.

Under section 1285, C. O. S. 1921, conveyances so made convey all the right, title, interest, and estate of the decedent in the premises, and it is the duty of the executor to comply with the laws in reference to such a sale and to convey to the purchaser such interest as the estate of the decedent had in and to the premises, and the purchaser has a right to presume that the executor has complied with the laws relative to such sale.

3. Same—Failure to Pass Title by Sale—Remedies of Purchaser—Right to Return of Consideration or to Have Title Quieted.

If the executor, however, fails to comply with the laws relative to the sale of the land and for that reason the interest of the estate of the deceased in and to the land does not pass to the purchaser, or the title thereto is defective in him, and he pays the consideration therefor and it afterwards appears that the title did not so pass or is defective in him, he is entitled to have such consideration returned to him or the title quieted in him.

4. Same—Doctrine of Caveat Emptor not Invokable to Defraud Purchaser of Purchase Price.

The doctrine of caveat emptor cannot be used to perpetrate a fraud. The estate of the deceased cannot retain its title to the land and at the same time retain the purchase price therefor.

5. Same—Action by Grantee of Purchaser to Quiet Title—Confession of Judgment by Executor—Nonliability to Plaintiff for Damages for Profits Lost on Prospective Sale of Land.

In such a sale, if the title to the interest

of the estate of the decedent is defective in the purchaser because of defects in the probate proceedings in the sale, and thereafter the grantee of the purchaser brings suit against the executor to have his title quieted and for damages, and the executor confesses judgment quieting title in the plaintiff, and the title is so quieted, neither the executor nor the estate is liable in damages for profits lost by the plaintiff on a prospective sale of the land.

### 6. Covenants—Measure of Damages for Breach of Covenant of Warranty—Statute.

The measure of damages for breach of a covenant of warranty is governed by section 5980, C. O. S. 1921, which provides: "The detriment caused by the breach of a covenant of seisin, of right to convey, of warranty, or quiet enjoyment, in a grant of an estate in real property, is deemed to be: First, the price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property; second, interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and, third, any expenses properly incurred by the covenantee in defending his possession." (Rubey v. Irick, 63 Okla. 137, 163 Pac. 514.)

Error from District Court, Caddo County; Will Linn, Judge.

Action by B. W. Hammert against Louie E. McKnight, executor of estate of Thomas F. Woodard. Judgment for defendant, and plaintiff brings error. Affirmed.

Morgan & Morgan, for plaintiff in error.

Simons, McKnight, Simons & Smith, for defendant in error.

HEFNER, J. B. W. Mammert, plaintiff in error, as plaintiff, instituted this suit in the district court of Caddo county against Louie E. McKnight, executor of the estate of Thomas F. Woodard, defendant in error, as defendant.

Thomas F. Woodard at the time of his death owned in fee simple the lands involved in this litigation. In the course of administration the executor, through the probate court, sold the land in controversy to H. W. Morgan, and Morgan subsequently sold the land to the plaintiff. The consideration, in the sum of $10,455, was paid to the defendant and became a part of the assets of the estate. The petition alleged that the executor wholly failed to vest the title to the said land in the purchaser in that the pro-

ceedings were null and void because the executor had failed to advertise the land in the form, manner, and for the period of time required by law.

In the original petition plaintiff declared upon two separate causes of action, the one for judgment quieting the title in the plaintiff and the other for damages. The defendant confessed judgment quieting the title in the plaintiff, and judgment so quieting the title was rendered. The judgment became final, thereby perfecting title in the plaintiff. After the title was quieted in the plaintiff, an amended petition was filed which eliminated the cause of action in reference to the quieting of title and alleged that the plaintiff entered into an enforceable contract with third parties for the sale of 16 acres of the tract of land at a profit of $233.84 an acre, but was unable to convey a good title because of the failure of the executor to properly and sufficiently advertise the land for sale.

The executor filed a general demurrer to the amended petition, which was by the trial court sustained, and the plaintiff, standing on the petition, has appealed here.

The executor invoked the doctrine of caveat emptor as applying to judicial sales, which doctrine holds that conveyances so made transmit only such title as the decedent had, and the purchaser buys only such title, if any title there be, at his peril. The plaintiff urges that the doctrine of caveat emptor has no application to the case at bar, but says it presents the application of a well-recognized exception thereto.

The rule is well established that the purchaser at judicial sales is entitled to and takes only such title as the decedent had. If the decedent had no title, the purchaser takes none. If the title is defective, the purchaser takes it subject to such infirmities as exist.

Under the allegations in the petition there was no defect in the title of the deceased. He owned the fee-simple title at the time of his death, and if the deed of the executor had conveyed all the title of the deceased in and to said lands, the purchaser at the executor's sale would have received the fee-simple title thereto. Under the allegations of the petition, however, the interest of the decedent was not conveyed to the purchaser because of defects in the probate proceedings in the sale of the land. The purchaser at the executor's sale had a right to presume that the executor would comply with

the law relative to the sale of the land and that he would receive the title that was vested in the estate of the deceased at the time the sale was begun. The complaint here is that the purchaser did not receive the title that was vested in the estate of the deceased and by reason thereof the plaintiff has been damaged.

In the case of Zufall v. Peyton, 26 Okla. 808, 110 Pac. 773, this court had occasion to discuss the exception to the rule of caveat emptor and therein it was said:

"The doctrine of caveat emptor as it applies to judicial sales is based upon the theory that the purchaser buys only such estate or interest as his debtor has, and he is bound to take notice of what that interest is. In the case at bar, however, notwithstanding the order of sale and the execution of the deed thereunder, the title to the land remained in the heirs at law of the decedent, and, if the rule of caveat emptor is strictly applied, they will not only retain the title to the land, but recover the purchase price also."

The doctrine of caveat emptor can never be invoked to perpetrate a fraud. The purchaser is entitled to receive the title owned by the estate of the decedent at the time of his death or prior to the sale. The estate will never be allowed to retain its title to the property and also retain the purchase price therefor. The law requires the estate to part with whatever title it has in and to the land before it will be permitted to retain the purchase price therefor.

In the instant case, if the probate proceedings were not sufficient to pass the title of the estate in and to the lands to the purchaser, and the purchaser, believing that he was being vested with such title, paid the purchase price to the executor, then the purchaser would be entitled under such circumstances to either have the sale rescinded and be awarded the purchase price for the land or, on the other hand, he would be entitled to have the title to the land quieted in himself, because it would be inequitable to allow the estate to retain its title to the land and at the same time retain the purchase price therefor.

When plaintiff, the grantee of the purchaser, brought this suit, he saw fit to bring an action to quiet title in himself. The executor, as to this cause of action, confessed judgment, and the trial court thereupon awarded judgment in favor of the plaintiff quieting the title in the plaintiff. This judgment became final. The title was, therefore, vested in the plaintiff.

This leaves for consideration the question of plaintiff's damages alleged to be due because he could not consummate a prospective sale of a portion of the land on account of the defects in his title. Under the facts in this case, can he recover the damages claimed?

In section 1285, C. O. S. 1921, it is provided:

"* * * Conveyances so made convey all the right, title, interest, and estate of the decedent in the premises, at the time of his death; if, prior to the sale, by operation of law or otherwise, the estate has acquired any right, title, or interest in the premises, other than, or in addition to, that of the decedent, at the time of his death, such right, title, or interest also passes by such conveyance."

Under this section it is the duty of the executor to cause to be vested in the purchaser whatever interest the estate has in and to the lands. He has no authority, however, to bind the estate by any covenants of warranty. In effect, his deed can only be that of a quitclaim.

H. W. Morgan bought this land at the executor's sale, and thereafter, by general warranty deed, conveyed the same to the plaintiff. Suppose the plaintiff, as grantee in the general warranty deed, had brought this cause of action against Morgan, his grantor and warrantor. His damages in such a case would be governed by section 5980, C. O. S. 1921, which is as follows:

"The detriment caused by the breach of a covenant of seisin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be: First, the price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property; second, interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and, third, any expenses properly incurred by the covenantee in defending his possession."

He could not recover the price paid to the grantor, because the title was quieted in himself. He could not recover interest, because he has been in possession of the land and derived the benefit therefrom at all times since he purchased the same. He could recover nothing for defending his possession, because his possession has never been questioned. These are the only items of damage allowed under the above statute.

The plaintiff, therefore, could not recover from his grantor, under the general warranty deed, an alleged profit on the sale of the land, because 'the statute specifically names the items for which damages may be awarded and the cause of action herein declared upon is not included therein.

This statute has been construed by this court, and in the case of Rubey v. Irick, 63 Okla. 137, 163 Pac. 514, Mr. Justice Kane, speaking for the court, in the first paragraph of the syllabus, said:

"The measure of damages for breach of a covenant of warranty is governed by section 2856, Rev. Laws 1910, which provides: 'The detriment caused by the breach of a covenant of seisin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be: First, the price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property; second, interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and, third, any expenses properly incurred by the covenantee in defending his possession.' "

If the plaintiff could not recover from his warrantor the damages herein alleged, he cannot recover the same from the executor, the grantor in the deed to H. W. Morgan, who is the grantor and warrantor of the plaintiff.

The judgment of the trial court is affirmed.

MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 24 C. J. p. 687, §1696; p. 690, §1697; 11 R. C. L. p. 350; 2 R. C. L. Supp. p. 1237; 4 R. C. L. Supp. p. 708. (2) 24 C. J. p. 571, §1486. (3) 24 C. J. p. 694, §1704. (4) 35 C. J. p. 76, §119. (6) 15 C. J. p. 1318, §223.