## SELEMENT v. GIBSON.

No. 23018.   April 16, 1935.

R. J. Kintz and J. A. Rinehart, for plaintiff in error.

E. S. Bessie and A. Francis Porta, for defendant in error.

PER CURIAM. This is an appeal from a judgment rendered for the plaintiff after plaintiff's demurrer had been sustained against the defendant's answer and defendant had refused to plead further and plaintiff filed a motion for judgment on the pleadings.

The parties will be styled in this opinion as they appeared in the lower court, where W. H. Gibson was plaintiff, and Frank Selement was defendant.

The petition in substance stated that in December, 1928, Frank Selement, assuming to be guardian of Joseph Selement, sold an oil and gas lease by order of court to the plaintiff, W. H. Gibson, on 80 acres of land in Canadian county, Okla., for a consideration of $560 bonus and an annual rental of $80 per year for a term of ten years, and that the plaintiff paid the $560 bonus and paid two annual rentals. He next alleges that the appointment of Frank Selement, as guardian of Joseph Selement, was void by reason of irregularities in the proceedings leading up to the appointment, especially alleging that the order for hearing did not direct personal service upon the incompetent, but directed notice of said hearing to be made by posting the notices and by mailing copies to the persons interested, and that the notice did not apprise the alleged incompetent that he was charged as an incompetent or any other reason why he should be placed under guardianship, and that the service of such notice was not personal service as provided by sections 1449, 1403, 1402, 1401, and 239, C. O. S. 1921, and section 238, as amended by Laws 1923, c. 77, and that therefore said appointment was void and Frank Selement had no authority to sell the oil and gas lease to the plaintiff. He therefore asks for the return of the bonus paid, and the rental paid thereon, in the sum of $806.40.

To which the defendant replied with answer, wherein he denies generally and specifically each and every and all the allegations in said petition contained, except such as are hereinafter specifically admitted. Then the answering defendant details that the defendant was appointed guardian on the 18th day of July, 1916, in cause No. 359 in the county court of Canadian county, Okla. Then he sets out in detail the manner of the appointment and refers to each step taken, from the petition down to the sale of the oil and gas lease, and attaches to his petition the entire record of the county court of Canadian county, Okla., leading up to the appointment and the sale of the oil and gas lease, and concludes from the record presented by the exhibits to his answer that the appointment was valid. He admits the $560 was paid and that $80 per annum covering two years was paid to the guardian. He further states that the guardian had accounted to the county court of Canadian county for all the monies received by him as guardian for Joseph Selement, and that there was no money in his hands as guardian at this time. He further pleads that under the facts that the plaintiff knew of the proceedings at the time of the sale, and was therefore estopped to deny the authority of this defendant as such guardian and was not entitled to receive his money back.

The plaintiff in error groups his assignments of error under three propositions, but we consider it necessary to discuss only the last proposition, which is as follows:

"A guardianship sale of an oil and gas lease is a judicial sale and the doctrine of caveat emptor applies to the purchaser at such sale and where a party purchases an oil and gas lease at such judicial sale and pays annual rentals thereon for two years succeeding said sale, he is estopped to bring an action for recovery of the price paid, and the subsequent rentals, and set up for the first time lack of authority on the part of the guardian to make the sale."

In the journal entry of judgment in this case, we find the following:

"The plaintiff then moved the court to render judgment on the pleadings, which motion and request was by the court sustained, to which ruling and finding of the court defendant then and there excepted.

"It is therefore ordered and adjudged by the court that the plaintiff, W. H. Gibson, have and recover of and from the defendant, Frank Selement, the sum of $806 40, with interest at 6 per cent. per annum from the 10th day of April, 1931, and the costs of this action, and that execution may issue accordingly."

The court, under the motion for judgment on the pleadings, considered, of course, both the petition and the answer, taking all the material facts to be true.

We find the plaintiff, Gibson, in the attitude of buying a leasehold interest in the land from the guardian and of taking possession of same and holding possession of same for a period of three years and enjoying all of the rights conferred under the lease, which gave him the privilege of going upon said property for the purpose of exploring for oil and gas. The record does not show whether or not he did actually explore for oil and gas, but under the lease he had the legal right to do so, and for that period of time he prevented any one else from taking a lease or from going upon the land and exploring the land for oil and gas purposes.

He is charged under the law with the knowledge of the proceedings which led up to the appointment of the guardian, and he cannot be heard to say that he only discovered it a short time prior to bringing this suit.

The condition of the record of the appointment of the guardian was the same on the day he purchased the lease as it was on the day he brought the suit.

Both the plaintiff in error and the defendant in error have cited authorities to sustain their contentions on the question of the rule of caveat emptor and the doctrine of estoppel.

In the case of Hammert v. McKnight, Ex'r, 132 Okla. 14, 269 P. 289, cited by the defendant in error, the court says in the first syllabus as follows:

"When the executor sells the estate of a decedent through the probate court, the doctrine of caveat emptor is applicable, and the rule is well settled that the purchaser at such sale is entitled to and takes only such title as the decedent had. If the decedent had no title, the purchaser takes none. If the title is defective, the purchaser takes it subject to such infirmities as exist."

Syllabus 4 of the same case is as follows:

"The doctrine of caveat emptor cannot be used to perpetrate a fraud. The estate of the deceased cannot retain its title to the land and at the same time retain the purchase price therefor."

The last quoted syllabus paragraph is undoubtedly the part which the defendant in error relied upon, but we find no fraud, nor any attempt to perpetrate a fraud, in the facts in this case.

Further, the guardian and the plaintiff in error did not retain, nor attempt to retain the title to the lease. The plaintiff in error did not attempt to disturb in any way the peaceable possession and use of the lease in the hands of the defendant in error, but permitted him to enjoy the rights he secured under the terms of the lease, and made no objections whatever to the defendant in error enjoying all the privileges conferred by the lease.

We are inclined to believe that the better doctrine is found in the line of cases holding, as in the case of In re Standwaitie's Estate, 73 Okla. 255, 175 P. 542, where the court said:

"A sale of real estate by a guardian under the order and subject to the confirmation of the county court is a judicial sale, and the rule of caveat emptor applies to a purchaser at such sale."

And, as held in the case of Lowery v. Richards et al., 120 Okla. 261, 248 P. 622, where the court held:

"One who purchases at guardian's sale, or one who purchases from the vendee of the guardian's sale, must take notice, at his peril, of the authority of the guardian to make the same."

"Where persons are dealing with a guardian relative to the purchaser of a minor's real estate, whatever is 'notice' enough to excite attention and put a reasonably prudent person on his guard and calls for inquiry, is notice of everything to which the inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it."

The defendant in error, Gibson, after he had used the property he purchased for a period of three years, discovered a thing which existed in the same degree at the time he purchased the lease, that is, a defect in the proceedings leading up to the appointment of the guardian. It is not necessary to question the motive of the defendant in error in complaining at this late time, but it is only necessary to charge him with the same knowledge he had at the commencement of this suit as that which he could have had when he made the purchase.

In the case of Burton v. Compton, 50 Okla. 365, 150 P. 1080, the court says:

"One who purchases from the vendee of a guardian's sale must take notice, at his peril, of the authority of the guardian to make the sale; and if sufficient facts appear, or are suggested by the record, in connection with other circumstances which are brought to his notice, to put a reasonably prudent man on inquiry, and he neg-

lects to make such inquiry, he will be held to have actual knowledge of the channel through which his grantor claimed title, and that her grantor in the guardian's deed, under which she held, was in fact her husband."

In 16 R. C. L., page 104, the following language is found:

"And it has been held in some jurisdictions that the purchaser at a judicial sale, which is void for want of authority to make it, should not in any case obtain his money back, upon the theory that he is bound to satisfy himself of the authority under which the sale is made and buys at his peril, and that it would be a contradiction in terms to create a lien for the purchase money."

This suit is against the guardian as an individual, and not in his capacity as a guardian.

The defendant's answer included a general denial and a plea of estoppel, but its admissions and allegations relative to the guardianship proceedings left no issue of fact, and the issue of law raised by the plea of estoppel could properly be determined on the plaintiff's motion for judgment on the pleadings. As the plea of estoppel stated a good defense, the judgment should have been for the defendant.

The judgment of the trial court is reversed and the trial court directed to enter judgment for the defendant.

The Supreme Court acknowledges the aid of Attorneys Clark Nichols, Guy L. Andrews, and Frank D. McSherry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Nichols and approved by Mr. Andrews and Mr. McSherry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, and CORN, JJ., concur.