Jewel BURGESS, the natural guardian and next friend of Ronald Burgess and Kenneth Ray Burgess, minors, and Marquita Burgess, Plaintiffs in Error,

v.

INDEPENDENT SCHOOL DISTRICT NO. 1 of Tulsa County, Oklahoma, and Willis Burgess, Defendants in Error.

No. 38112.

Supreme Court of Oklahoma.

March 17, 1959.

Amos J. Nichols, Tulsa, for plaintiffs in error.

C. H. Rosenstein, Tulsa, for defendants in error.

WILLIAMS, Vice Chief Justice.

The suit out of which this appeal grew was an action to quiet title and for reformation of description in a certain deed, divorce settlement and divorce decree, by the grantees thereunder, against a subsequent grantee of their common grantor, as to

South Two and one-half (2½) acres of the East half of the East half of the Southeast quarter of the Southwest quarter (S 2½ a of E½ of E½ of SE¼ of SW¼) of Section 16, Township 19 North, Range 13 E., I. M.

The parties are referred to as in the trial court.

The SE¼ of SW¼ of said sec. 16, was part of the allotment of one Nora Scott, wife of Tyler Burgess and mother of the defendant Willis Burgess. Subsequent to the death of said allottee, the defendant Willis Burgess acquired full interest in the land in this controversy.

Willis Burgess and Jewel Burgess, parents of the plaintiffs herein, were married in 1930. Subsequent to their marriage they occupied the 2½ acre tract in controversy as their homestead.

In 1945 Jewel Burgess obtained a divorce from the defendant Willis Burgess. The petition for divorce alleged that the parties "lived at 3927 East Thirty-first Street,

Tulsa, Oklahoma, and upon land described as the East Half (E½) of Northeast Quarter (NE¼) of Southeast quarter (SE¼) of Southwest quarter (SW¼) of Section Sixteen (16), Township nineteen (19) North, Range Thirteen (13) East". A settlement agreement was entered into by the parties whereby the defendant Willis Burgess agreed to convey the lands immediately above described to the children, the plaintiffs herein, of Willis Burgess and Jewel Burgess; and pursuant thereto Willis Burgess executed an undated deed conveying the W½ of said lands to the plaintiffs. The divorce decree awarded the W½ of said lands last described to Jewel Burgess for the use and benefit of the minor children, the plaintiffs.

In 1950 the defendant Willis Burgess, joined by Jewel Burgess, executed a contract to sell the said 2½ acre tract in controversy to the defendant Independent School District No. 1, Tulsa County, Oklahoma. After an examination of the abstract of title, the consideration was paid to the defendant Willis Burgess and a deed executed by Willis Burgess only was accepted and recorded by the defendant school district.

The evidence indicates that one or more of the plaintiffs and Jewel Burgess, their mother, were in actual occupancy and possession of the property in controversy from 1945 to 1955.

The plaintiffs filed this action against the defendant school district to quiet title and for reformation of the divorce settlement, deed, and divorce decree, alleging that such errors in the descriptions were the result of a mutual mistake, and that the real intention of the parties thereto was to convey the 2½ acre tract described first above, the property in controversy. Willis Burgess was brought in as a co-defendant. Judgment was for the defendants and plaintiffs appeal.

The plaintiffs rely upon three alleged errors in the judgment of the trial court for appeal: first, the defendant school district had actual and constructive notice

of the plaintiffs' title; second, the approval of the deed to the defendant by the county court was conditional and with restrictions; and third, the agreement and contract (divorce settlement) executed by Jewel Burgess and Willis G. Burgess to convey to the children the property involved herein, was binding on them.

In their first assignment of error, the plaintiffs contend that the correct description of the property involved by reference to the street address put the defendant on notice. As stated above, the petition for divorce, filed in 1945, alleged that the parties "lived at 3927 East Thirty-first street, Tulsa, Oklahoma, and upon land described as the East Half (E½) of Northeast quarter (NE¼) of Southeast quarter (SE¼) of Southwest quarter (SW¼) of Section Sixteen * * *." The contract of sale executed in 1950 to defendant school district described "S 2½ a–E½ E½ SE¼ SW¼ S16, T19, R13–N 3927 East 31st Street". The deed executed by the defendant Willis Burgess to the plaintiffs and the divorce decree contained only the erroneous description without reference to a street address.

The general rule is that a particular description of the property conveyed will ordinarily control over a general description in the case of repugnancy. 26 C. J.S. Deeds § 100, 16 Am.Jur. Deeds §§ 270, 288; 72 A.L.R. 410. The discrepancy in the two descriptions in the petition is not apparent from the instrument itself. The variance between the street address of unplatted lands as given in the petition and the particular description used in the deed and decree does not affect the apparent validity of such instruments. As the street address was not material, it would not be sufficient to incite investigation and impose the duty to inquire. Facts sufficient to impose the burden of constructive notice must be such that a reasonably prudent person would inquire. Since the unplatted lands purportedly affected by such instruments were specifically and definitely described by reference to subdivisions of the government survey, a reasonably prudent person

would not be required to inquire whether a general reference, in the same instrument, as to the locality of such lands is correct. There being no duty to inquire, the defendant school district is not charged with constructive notice that the said deed, divorce settlement agreement and divorce decree did not conform to the intention of the parties thereto.

The plaintiffs further contend that one purchasing property is charged with notice of whatever rights persons in actual possession may possess; and that when he has notice of such facts as would put a prudent man on inquiry, which, if prosecuted with ordinary diligence, would lead to information as to rights claimed adversely to his vendor, he is guilty of bad faith and is chargeable with actual notice. Tittle v. Robberson, 143 Okl. 97, 287 P. 1011.

■ Defendant, school district, secured an abstract of title covering the property involved in this controversy and had the abstract examined by an attorney. The first title requirement in the title examiner's opinion was: "Satisfactory proof that the fee owners are in the present possession of the captioned land and that no one is in adverse possession of the same or any part thereof, claiming any right, title or interest therein."

To meet this title requirement, the real estate broker who negotiated this transaction testified that he personally inspected the premises, making four or five visits to the property over a period of about two months, and found the doors locked; that the grass had not been cut for some time and a pile of rubbish lay to one side; that no one answered his knock at the doors; and that the house appeared vacant and unoccupied. The evidence of plaintiffs themselves demonstrated that the different members of the family were away at school and hospitals for months at a time; nor did they contradict the broker's testimony.

The trial court, by finding no. 10, found that defendant school district had no notice or knowledge, at any time between date of contract for sale of land involved to it and date of delivery to it of its deed and payment of the entire purchase price of $7500.00 therefor, "of any facts or circumstances showing any change in the possession of the 2½ acre tract in controversy or of any facts or circumstances indicating that anyone was in possession of said 2½ acre tract claiming adversely to the defendant, Willis Burgess." Such court, by finding no. 14, further found "that the defendant, School District, contracted in good faith for the purchase of the 2½ acre tract in controversy; that said defendant, prior to the consummation of the purchase of said property and the payment of the entire purchase price therefor, had no notice or knowledge of any claim of plaintiffs to said property and said defendant, School District, purchased and paid a valuable consideration for said property in good faith, without knowledge or notice of any claim by the plaintiffs or any of them."

The trial court concluded that Willis Burgess' deed to defendant school district operated to vest fee simple title to the land in controversy in it.

There necessarily inheres in such findings and conclusion and its judgment a determination by the trial court that defendant used reasonable diligence. Such finding is not against the weight of the evidence but is supported thereby.

The question actually presented by this assignment of error is whether the defendant school district was justified in terminating its inquiry at this point.

■ We believe and hold that, had the trial court been requested to so find and conclude, he might well have found and concluded and there inheres, in his findings and conclusions, that the plaintiffs' possession was not inconsistent with the record title of their father, the defendant Willis Burgess, who was responsible for their care and support; that the possession of the plaintiffs, all of whom were minors at the time, was not such possession as would cause a reasonably prudent person to inquire as to any interest they might

claim; that since Jewel Burgess, the plaintiffs' mother, with knowledge of all the facts alleged in the petition, voluntarily joined in the contract of sale with the defendant Willis Burgess without objection, under the circumstances of this case, there was no duty to further inquire; that the results of the defendant's inquiry were apparently consistent with the actual knowledge in school district's possession; and that a reasonably prudent person would be justified in terminating the inquiry at this point.

The Oklahoma Statutes treating with constructive and actual notice, 25 O.S.1951 §§ 11, 12, and 13, are as follows:

"Actual notice consists in express information of a fact."

"Constructive notice is notice imputed by the law to a person not having actual notice."

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and *who omits to make such inquiry with reasonable diligence,* is deemed to have constructive notice of the fact itself." (Emphasis added.)

█ Such statutes impose on a purchaser of real property the duty to inquire with reasonable diligence as to the rights of anyone, other than the record owner, in possession of such property. The duty imposed is to make a diligent inquiry as distinguished from acquiring the correct information.

█ The trial court having determined, in effect, that defendant school district made a diligent inquiry and such finding having been by us approved, such defendant is to be regarded as having acted bona fide and without notice of the interests of the plaintiffs in the land in controversy.

"When a person has notice of circumstances which put him upon inquiry, and he actually makes due inquiry into the circumstances and either fails to discover the existence of any rights in conflict with his own

or becomes satisfied that the suspicions which have been awakened are unwarranted, or that a change in the circumstances has obviated the grounds of his apprehension, he is to be regarded as having acted bona fide and without notice of the fact. * * *" 66 C.J.S. Notice § 11, p. 645.

"The presumption or implication of notice, based upon the rule heretofore stated that notice of facts putting one on inquiry is notice of the facts which such inquiry would have revealed, is not a conclusive one. If it appears that the person sought to be charged with notice was not heedless of the warning signals, but made inquiry and used due diligence to discover the facts which were suggested by the facts of which he had knowledge, and yet failed to obtain knowledge thereof, the inference of notice is rebutted and he is not affected thereby." 39 Am. Jur. Notice, § 14.

"It is as well established, as it would seem to be apparent, that diligent but fruitless investigation into the existence of the facts concerning which one is put upon inquiry places the unsuccessful questant once more in the position of immunity from notice. In the language of Judge Selden in a leading case [Williamson v. Brown, 15 N.Y. 354]:

" 'The phraseology uniformly used, as descriptive of the kind of notice in question, *sufficient to put the party upon inquiry,* would seem to imply that if the party is faithful in making inquiries, but fails to discover the conveyance, he will be protected. The import of the terms is, that it becomes the duty of the party to inquire. If, then, he performs that duty is he still to be bound, without any actual notice?'

"Hence an instruction that one is affected with notice if he has knowledge of facts sufficing to put him on inquiry is erroneous for its failure to discover the effect of inquiry honestly

and efficiently prosecuted. The therapeutic powers of diligent research are unimpaired by the facts that the information received was inaccurate or that the informant did not possess complete information concerning the motive for the interrogation. As a corollary, even though no inquiry be made, if in fact it would have been fruitless, notice does not arise from the knowledge of inquiry-provoking circumstances. Of course a mere assertion of futility will not suffice. It must be proved that the questioning was barren of results, or that it would have been bootless. In determining the issue of utility or inutility, it must be remembered that the investigator is not required to solve close or doubtful questions of fact, nor to delve with beaverine industry through complex and perplexing data." Merrill on Notice, sec. 461, p. 423.

 This rule is consistent with our recording statutes. The primary purpose of the recording statutes is to provide means for making public all claims of title and interests in real property. It is incumbent upon persons claiming such interests to see that their claim or interest is correctly described. Persons who wish to keep their interests in lands secret must do so at their own peril and not rely upon the cloak of the doctrine of constructive notice to protect such interests.

 The plaintiffs, in their second assignment of error, contend that the trial court erred in rendering judgment for the defendant for the reason that the approval by the county court of the deed executed by the defendant Willis Burgess to the defendant school district was conditional and with restrictions.

The defendant Willis Burgess is an unenrolled, ⅞ths Creek Indian. Prior to the payment of consideration and the delivery of the deed, the defendant school district petitioned the County Court of Tulsa County, Oklahoma, for approval of the deed. During this hearing there was a discussion between the counsel and the court as to a, possible cloud on the title caused by the execution of an easement by Willis Burgess and Jewel Burgess as husband and wife subsequent to their divorce. The only question raised by this fact was whether there had been a resumption of the husband and wife relationship subsequent to the decree. This was explained to the satisfaction of the defendant's attorney. The restriction or limitation referred to was an oral statement of the County Judge and was not contained in the formal order of the court. There were no facts brought out in the discussion that would cause a reasonably prudent person to inquire as to any possible interest the plaintiffs might have had in the subject property.

For their third assignment of error the plaintiffs contend that the agreement and contract (divorce settlement) of Jewel Burgess and Willis Burgess was a conveyance to the plaintiffs. This property settlement agreement contains the erroneous description and does not describe the 2½ acre tract involved in this controversy. Inasmuch as we have held that the requirements of the statutes regarding the doctrine of constructive notice were in effect found by the trial court to have been met and have approved such finding, and that reformation of the erroneous descriptions will not be granted so as to defeat the rights of a bona fide purchaser without notice, the question of whether this agreement vested title in the plaintiffs is immaterial.

Judgment affirmed.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., dissents.