BIG FOUR PETROLEUM COMPANY, an Oklahoma Corporation, Richard O. Nossaman, Triad Petroleum, Elmo Nossaman, James Fishback, Charles Rearden, Terry Martin, Appellants,

v.

Patrick J. QUIRK, Jo Ann B. Quirk, Jack B. Smith, Mary Lois Smith, Appellees.

No. 64913.

Supreme Court of Oklahoma.

March 1, 1988.

Rehearing Denied June 21, 1988.

George S. Corbyn, Jr., Ryan, Holloman, Corbyn & Geister, Oklahoma City, for appellants.

R.L. Hert, Jr., Hert, Baker & Kistler, Stillwater, for appellees.

SUMMERS, Justice.

This case boils down to a single question: Does the purchaser of an executor's oil and gas lease, which lease is recorded in the county records but unconfirmed by the probate court, have an equitable (and therefore enforceable) right to produce oil and gas as against a mineral owner who purchases its mineral interest

from the executor after recordation of the unconfirmed lease? We answer in the affirmative, and direct the trial court to quiet title to the lease in the lessee, Big Four Petroleum Company.

L.A. Coker died testate and her will specifically granted her executor the power to execute leases for oil and gas. The executor made and delivered such a lease to appellants Big Four Petroleum Company. The lease bonus of $200.00 was paid to the executor, who in due time distributed it (with other assets of the estate) to the devisees and legatees as per the will. The estate was closed and the executor discharged without the executor ever having filed a return of sale of the lease or having accomplished its judicial confirmation.

Big Four in the meantime had gone into possession under its lease, which it had duly recorded in the office of the County Clerk of Payne County. In fact it had drilled and completed four wells on the property when its leasehold interest came under attack. The challenge came from certain persons referred to here as Quirk and Smith (now appellees). Quirk and Smith had purchased from the executor, after the execution and recordation of the lease to Big Four, all of the decedent's mineral interest in the property in controversy. After their purchase the executor had filed the proper return of sale and the probate court had confirmed it. Their claim was that they owned the minerals free and clear of Big Four's unconfirmed and therefore invalid lease.

Big four was the first to sue, seeking quiet title to its leasehold. Quirk and Smith counterclaimed to take free and clear of any lease. There being no facts in controversy each side moved for summary judgment. The discharged executor together with all the Coker heirs, devisees and legatees either disclaimed or failed to appear at the hearing, and offered no resistance. The trial court granted summary judgment for Quirk and Smith on the basis of 58 O.S.1981 § 462. Big Four appealed.

The statute on which the mineral purchasers rely, and on which the trial court turned the case, is as follows:

58 O.S.1981 § 462:

"When property is directed or authorized by the will to be sold or dealt with in any other manner by the executor, the executor may sell or otherwise deal with any property of the estate without the order of a court on such basis and on such terms as the Executor may determine; but the executor must make return of such sale as in other cases. If directions are given in the will as to the mode of selling, or the particular property to be sold, such directions must be observed. In either case, *no title passes unless the sale is confirmed by the court.*" (Emphasis added)

It is clear that under such statute no legal title would pass to the grantee of an unconfirmed executor's sale or lease. Our question, however, requires that we go further and determine whether Big Four has acquired any interest recognized by the courts as being protected in equity. Although there is some helpful Oklahoma authority, the question as squarely tendered is one of first impression for us.

In *Laird v. Columbia Loan and Investment Co.*, 204 Ala. 246, 85 So. 521 (1920) an executor sold property to the plaintiff for valuable consideration but failed to get judicial confirmation. The court held that the plaintiff was none the less vested with an equitable title. The same result obtained in *Moffitt v. Rosencrans*, 136 Cal. 416, 69 P. 87 (1902), although California had a statute similar to Oklahoma's 58 O.S.1981 § 462. In *Estate of Klauenberg*, 32 Cal.App.3rd 1067, 108 Cal.Rptr. 669 (1973) it was held that prior to its confirmation, an executor's sale of property for valuable consideration was considered to be a contract for sale. Therein the purchaser's withdrawal before confirmation was held to be an actionable breach of contract. Elementary is the proposition that a contract for the sale of an interest in real estate vests an equitable interest in the vendee which is sufficient title upon which to bring an action to quiet title. *Alfrey v. Richardson*, 231 P.2d 363 (Okl.1951).

We have looked at a similar situation where the high bidder at a sheriff's sale

executed a quit claim deed before the court confirmed the sale. When the sufficiency of the high bidder/grantor's ability to pass title was questioned we said in *Atlantic Richfield Co. v. State*, 659 P.2d 930, 933 (Okl.1983):

> "The law is well settled that a successful bidder at the sheriff's sale does acquire equitable title and certain other inchoate rights of ownership in the property, subject to confirmation and payment of the purchase price. Such equitable title—obtained upon payment of the purchase price to the sheriff—can effectively be quit claimed to another prior to confirmation."

Closer to our case is *Hammert v. McKnight*, 132 Okl. 14, 269 P. 289 (1928). Plaintiff there took an executor's deed and paid the estate for it. It later developed that the executor had not advertised the sale of the land as required by law. In a suit between the purchaser and the executor the latter maintained that the purchaser took only such title as the executor had to give, and thus bought at his peril, or *caveat emptor*. We said, however:

> "The purchaser at the executor's sale had a right to presume that the executor would comply with the law relative to the sale of the land and that he would receive the title that was vested in the estate of the deceased at the time the sale was begun." *Id.* at 290.

Our Court went on to hold that if the probate proceedings were not sufficient to pass title to the purchaser, and the purchaser, believing that he was being vested with such title paid the purchase price to the executor, then the purchaser would either be entitled to (1) have the sale rescinded and recover the purchase price, or (2) have the title to the land quieted in himself, because "it would be inequitable to allow the estate to retain its title to the land and at the same time retain the purchase price therefor." *Id.* at 291.

■ It thus appears Big Four's lease, acquired for valuable consideration although unconfirmed by the Court, carried with it certain equitable interests, including the right to have title quieted in its owner. Such equities, however, are subject to being defeated or "cut off" by a bona fide purchaser for value. *Luschen v. Stanton*, 192 Okl. 454, 137 P.2d 567 (1943). The elements essential to being a "bona fide purchaser" of an interest in land are: (1) the payment of a valuable consideration; (2) good faith and the absence of purpose to take an unfair advantage of third persons; and (3) absence of notice, actual or constructive, of outstanding rights of others. *Luschen v. Stanton*, supra.

Can Quirk and Smith qualify as such bona fide purchasers? We believe not. Big Four took its executor's lease to the courthouse and recorded it in the proper place. 16 O.S.1981 § 16 says:

> "Every conveyance of real property acknowledged or approved, certified and recorded as prescribed by law from the time it is filed with the register of deeds for record *is constructive notice of the contents thereof* to subsequent purchasers, mortgagees, encumbrancers or creditors." (Emphasis added)

■ Quirk and Smith argue that the lease in its unconfirmed condition was not "approved, certified and recorded as prescribed by law" and thus did not impart constructive notice. We dealt with a similar contention in *Johnson v. Farmer's Union Co-op Royalty Co.*, 205 Okl. 478, 238 P.2d 831 (1952). There the defendants/subsequent purchasers urged that recording of a mineral deed in the county clerk's office under § 16 did not amount to constructive notice because it was not "approved or certified as prescribed by law". Specifically, defendants called the court's attention to the fact that the deed had not been recorded in the office of the Commissioners of Land Office as required by statute [1] in order to validate transfers of any interest in such public land. Nonetheless we held the filing in the county clerk's office to constitute constructive notice to the subsequent purchasers.

Quirk and Smith have pointed out that the cases cited herein awarding equitable

---

1. 64 O.S.1941 § 191.

relief to grantees of unconfirmed executor's conveyances arose out of litigation with the executor or heirs, not their subsequent vendees, and they are correct. But in order to avoid the equitable claims of Big Four the appellees would need to be bona fide purchasers from the estate, and that means without notice, actual or constructive, of Big Four's position. Without getting into questions of actual notice and the notice perhaps engendered by the physical going upon the property and completing the four oil wells, we hold that the recording of the executor's oil and gas lease under 16 O.S.1981 § 16 put the later mineral purchasers on constructive notice of Big Four's equitable claims. As we said in *Wilson v. Pennington*, 474 P.2d 658, 661 (Okl.1970):

"A purchaser with notice is considered a purchaser made *male fide*, and a purchaser with notice is not entitled to protection as a bonda fide purchaser, but takes subject to outstanding interests, even though he may have given full value. In such case, *the purchaser stands in the same position as the one from whom he purchased.*" (Emphasis added).

Judgment in favor of appellees is reversed and the cause is remanded to the District Court with instructions to enter judgment in favor of appellants, Big Four Petroleum Company.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.