FILED
United States Court of Appeals
Tenth Circuit

June 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:  ANNA HELEN HELDT,

      Debtor.

-----------------------------------------

GINGER D. GODDARD, Trustee,

      Plaintiff-Appellant,

v.

ANNA HELEN HELDT; SUZANNE
LAUREL GILL; WILLIE GILL,

      Defendants-Appellees.

No. 12-6027
(D.C. No. 5:11-CV-00851-W)
(W.D. Okla.)

**ORDER**

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Plaintiff-Appellant Goddard has filed a Petition for Panel Rehearing which is granted in part and denied in part.  Accordingly, the order and judgment issued May 14, 2013, is withdrawn, and the attached amended order and judgment is issued nunc pro tunc May 14, 2013.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

May 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: ANNA HELEN HELDT,

      Debtor,

-----------------------------------------

GINGER D. GODDARD, Trustee,

      Plaintiff-Appellant,

v.

ANNA HELEN HELDT; SUZANNE
LAUREL GILL; WILLIE GILL,

      Defendants-Appellees.

No. 12-6027
(D.C. No. 5:11-CV-00851-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Ginger D. Goddard, Trustee of the bankruptcy estate of Anna Helen Heldt

(Debtor), appeals from the district court's order affirming the bankruptcy court's

_____

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment that certain real property was not a part of the bankruptcy estate or fraudulently transferred. We have jurisdiction under 28 U.S.C. § 1291, and we affirm for substantially the reasons given by the bankruptcy and district courts.

I.

Debtor filed for Chapter 7 bankruptcy protection in April 2009. In 1992, when Debtor was thirteen, her mother, Willie Gill (Mother), placed the title of her residence and its land in Spencer, Oklahoma (the Liberty Property), in Debtor's name. Mother had paid the full purchase price, continued to live at the Liberty Property for over twenty years, and was still living there with Debtor's sister, Suzanne Laurel Gill (Sister), when Debtor filed her bankruptcy petition. Mother paid all of the taxes, utilities and expenses related to the Liberty Property. Debtor did not live at the Liberty Property after 2000 and never paid for any taxes, utilities or other expenses related to it.

Debtor transferred title to the Liberty Property for no consideration to Sister in October 2008, less than one year before her bankruptcy filing (the Liberty Transfer). Debtor did not initially disclose the Liberty Transfer on her Statement of Financial Affairs (SOFA), but amended her SOFA to disclose it thirteen days after the 11 U.S.C. § 341 creditors hearing. In 2010, Trustee filed adversary proceedings against Debtor to set aside the Liberty Transfer as a fraudulent transfer. *See* 11 U.S.C. §§ 548(a)(1)(A), (B)(i) (allowing trustee to avoid certain transfers if made with actual intent to hinder, defraud, or delay creditors or if the debtor "received less

- 2 -

than a reasonably equivalent value"). Mother moved to intervene, but when Trustee objected, Sister transferred title to Liberty Property to Mother for no consideration. Mother and Sister were then added as defendants.

After a trial, the bankruptcy court issued detailed findings of fact and legal conclusions. It found that Mother transferred the Liberty Property to Debtor in 1992 as an estate planning device, and that Debtor held only bare legal title to the Liberty Property, with a resulting trust in favor of Mother, who held equitable title. Based on this finding, the bankruptcy court ruled that the Liberty Property would not have been property of Debtor's bankruptcy estate under 28 U.S.C. § 541 even if the Liberty Transfer had not occurred. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 n.8 (1983) (holding that under 11 U.S.C. § 541(d), the bankruptcy estate does not include property in which the debtor has some minor interest such as bare legal title). Because Debtor's bare legal interest in the Liberty Property was essentially worthless, the bankruptcy court ruled that she did not receive less than the reasonably equivalent value from Sister in the Liberty Transfer.

Further, the bankruptcy court ruled that the Trustee could not exercise her power under 11 U.S.C. § 544(a)(3) to avoid Mother's resulting trust as a hypothetical bona fide purchaser (BFP) of the Liberty Property because Mother's long-standing, open and unambiguous possession of it was sufficient to constitute constructive notice of her interest under Oklahoma law. *See Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991) (a bankruptcy trustee is considered a BFP of a debtor's real

estate under § 544(a)(3) and may avoid any transfer that is voidable by a BFP under state law, interpreting Oklahoma law as applying a constructive notice standard to determine BFP status under § 544(a)(3)); *Big Four Petroleum Co. v. Quirk*, 755 P.2d 632, 634 (Okla. 1988) (to obtain the status of a BFP under Oklahoma law, a purchaser must take the property with an "absence of notice, actual or constructive, of outstanding rights of others").

Finally, the bankruptcy court found no evidence of actual or intentional intent to hinder, delay, or defraud creditors. It found that Debtor made the Lincoln Transfer at the express wish of Mother and her failure to disclose it on her SOFA was consistent with Debtor's belief that the Liberty Property was Mother's property, not hers. The Trustee appealed to the district court, which affirmed.

## II.

The Trustee lists fifteen issues in her Statement of Issues, but she primarily argues on appeal that (1) she qualified as a BFP under Oklahoma law; (2) Mother's equitable title in the Liberty Property should be set aside under the doctrine of unclean hands; and (3) Debtor held more than bare legal title to the Liberty Property, and thus Liberty Property is property of the bankruptcy estate, because Mother's transfer to her is presumed to be a gift. We review the bankruptcy court's legal conclusions de novo and its discretionary decisions for abuse of discretion. *See Rodriguez v. Drive Fin. Servs., L.P. (In re Trout)*, 609 F.3d 1106, 1109 (10th Cir. 2010). "[W]ith respect to factual findings (which are made only by the bankruptcy

- 4 -

court . . .), we review for clear error." *Mathai v. Warren (In re Warren)*, 512 F.3d 1241, 1248 (10th Cir. 2008).

We have carefully and independently reviewed the parties' briefs, the record on appeal, including the trial transcripts, and the relevant legal authority. The bankruptcy court's finding that the Mother's 1992 conveyance was an estate planning device, not a gift, is not clearly erroneous, and its ruling that the Liberty Property was subject to a resulting trust in favor of Mother is an accurate interpretation of Oklahoma law. *See* Okla. Stat. tit. 60, § 137 ("When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."). Mother's open and unambiguous occupancy of the Liberty Property at the time of the bankruptcy petition was sufficient under Oklahoma law to give the Trustee constructive notice of her interest, thereby disqualifying the Trustee's exercise of BFP powers under § 544(a)(3). *See Burgess v. Indep. Sch. Dist. No. 1*, 336 P.2d 1077, 1081 (Okla. 1959) (holding that Okla. Stat. tit. 25, § 13, relating to constructive notice, imposed a duty on a purchaser to inquire as to the rights of anyone other than the record owner in possession of real property). Finally, we have no reason to conclude that the bankruptcy court abused its discretion by not applying the doctrine of unclean hands. *See Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 958 (10th Cir. 2009) (reviewing application of unclean hands doctrine for abuse of discretion).

We affirm the challenged decisions for substantially the reasons set forth by the bankruptcy court in its Findings of Fact and Conclusions of Law and in the district court's order affirming the bankruptcy court.

Entered for the Court


Bobby R. Baldock
Circuit Judge